**JIA QUN DONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 10–2226–ag.

United States Court of Appeals, Second Circuit.

July 26, 2011.

Jan Potemkin, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Lindsay Corliss, Law Clerk, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROSEMARY S. POOLER, B.D. PARKER, RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Jia Qun Dong, a native and citizen of the People's Republic of China, seeks review of a May 11, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Jia Qun Dong,* No. A077 293 437 (B.I.A. May 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the factfinding underlying the BIA's denial of a motion to reopen for abuse of discretion. *See Luna v. Holder,* 637 F.3d 85, 102–03 (2d Cir.2011). Because Dong's motion to reopen asylum proceedings was filed more than 90 days after entry of his order of removal, Dong was required to show changed country conditions in China. 8 U.S.C. § 1229a(c)(7)(C).

We conclude that the BIA did not abuse its discretion in finding that Dong failed to meet his burden of presenting evidence that country conditions in China had changed with regard to the treatment of Falun Gong practitioners. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006) (requiring evidence of changed country conditions). Further, although Dong presented alleged notices from Chinese authorities warning him to cease his Falun Gong activities, the BIA did not abuse its discretion in finding that neither the notices nor the other evidence in the record indicated that authorities were actively seeking to punish him.

For the foregoing reasons, Dong's petition for review is DENIED.